```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division

UNITED STATES OF AMERICA,     )
                              )
          v.                  )
                              )    1:06cr9(JCC)
SABRI BENKAHLA,               )
                              )
     Defendant.               )
```

**M E M O R A N D U M   O P I N I O N**

Defendant, Sabri Benkahla, stands before this Court charged with two counts of making false declarations before a grand jury, in violation of 18 U.S.C. § 1623; one count of obstruction of justice, in violation of 18 U.S.C. § 1503; and one count of false statements and concealment, in violation of 18 U.S.C. § 1001.  Defendant has filed a motion to reconsider this Court's grant of Government's motion to exclude reference to Defendant's prior acquittal.  This motion is currently before the Court.  For the reasons stated below, the Court will grant Defendant's motion to reconsider, but will affirm its decision to grant the Government's motion to exclude.

**I.  Background**

On August 26, 2004, Defendant testified before a federal grand jury regarding his possible participation in a jihad training camp and use of automatic weapons and rocket

-1-

propelled grenades ("RPGs").[1] Defendant's testimony centered around a trip to Pakistan and possibly Afghanistan during the summer of 1999, as well as e-mail correspondence referring to the trip. Defendant testified that during his 1999 trip he did not participate in any training relevant to combat, witness any training relevant to violent jihad, witness any training relevant to combat, handle a firearm or an explosive device, discharge a firearm or an explosive device, or witness anyone else discharge a firearm or an explosive device. During the same grand jury appearance, Defendant also testified that he had never fired an AK-47 or an RPG. The Government questioned Defendant about two e-mails he had sent referring to "studying in Afghan" and traveling to a "place far, far away," which was "top secret info." Defendant testified that these e-mails did not refer to jihad training in Afghanistan. The Government also questioned Defendant about a third e-mail in which Defendant referred to an individual named Haroon. Defendant testified that he could not identify Haroon or the recipient of the e-mail.

On November 16, 2004, Defendant testified before the grand jury for a second time. During this appearance, Defendant testified that he saw no one other than Pakistani Army soldiers carrying firearms during his trip in the summer of 1999, that he

---

[1] Pursuant to 18 U.S.C. § 6003, Judge Hilton entered an Order on April 7, 2004 compelling Defendant's testimony in the grand jury investigation and granting him use immunity.

had never fired an AK-47, that he had never fired an automatic weapon of any kind, and that he had never fired an RPG.  Because Defendant first traveled from the United States to Great Britain and then purchased a ticket to Pakistan, the Government questioned Defendant about his reasons for doing so.  Defendant testified that he was not sure whether he would go to Pakistan until he arrived in London and that he decided to make the trip after meeting, for the first time, an individual in Great Britain who agreed to show him around Pakistan.

On April 22, 2004 and July 7, 2004, Defendant made statements to an agent of the Federal Bureau of Investigation ("FBI") conducting an investigation into jihad training camps under the control of terrorists espousing violence against the United States.  During this interview, Defendant stated to the FBI agent that he did not know certain details about specific persons and his interactions with those persons (*i.e.,* the person's last name, whether he had spoken with the person, whether he had met the person, whether jihad had been discussed).  Defendant also told the FBI agent that he had never fired an AK-47 or an RPG nor had he ever participated in jihad training.

Defendant's August 26, 2004 grand jury testimony forms the basis for Count I of the indictment, and Defendant's November 16, 2004 grand jury testimony forms the basis for Count II.  Count III, the obstruction of justice charge, is based on both of

these occasions.  Defendant's statements to the FBI agent on April 22, 2004 and July 7, 2004 form the basis for Count IV.

In 2004, Judge Brinkema found Defendant not guilty of participating in combat training in Taliban-controlled regions of Afghanistan.  In this prosecution, charging false statements and perjury from the aforementioned events, the Government undoubtedly bears the burden to prove issues related to those contemplated in the 2004 trial.  Nevertheless, on October 2, 2006, this Court found that any reference to the prior acquittal is irrelevant and confusing and granted the United States' motion in limine excluding reference to the acquittal.  *See* (Mem. Op. Oct. 2, 2006, 20-22).  Defendant has moved to reconsider that ruling, arguing that reference to the prior acquittal should be permitted, not because of its relevance to Defendant's guilt or innocence as argued previously, but as impeachment evidence on cross-examination to demonstrate bias on behalf of the Government's agent.  This motion is currently before the Court.

## II.  Analysis

Under the Sixth Amendment's Confrontation Clause, a defendant has the right to conduct a reasonable cross-examination of Government witnesses.  *Olden v. Kentucky*, 488 U.S. 227, 231 (1988).  The Confrontation Clause is violated if a defendant is prohibited from engaging "in otherwise appropriate cross-examination designed to show a prototypical form of bias on the

part of the witness, and thereby expose to the jury the facts from which jurors could appropriately draw inferences relating to the reliability of a witness." *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986)(internal citations omitted). "It does not follow, however, that the Confrontation Clause [] prevents a trial court from imposing any limits on the scope of defense counsel's cross-examination and presentation of evidence related to the impeachment of a key prosecution witness's credibility." *Quinn v. Haynes*, 234 F.3d 837, 847 (4th Cir. 2000). "On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall*, 475 U.S. at 678-9.

This Court has already discussed at length why Defendant's prior acquittal is irrelevant. (Mem. Op. Oct. 2, 2006, 20-22). First, the issues decided at the previous trial are not the same issues to be decided at this trial. In fact, the Court deciding the previous trial indicated in its opinion that its finding was based on the very issue that is not present in this case, that is, whether the alleged training occurred *in Afghanistan.* Second, even if the issues were identical, "evidence of a prior acquittal is not relevant because it does

not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime." *United States v. Kerley*, 643 F.2d 299, 300-01 (5th Cir. 1981). "A judgment of acquittal is hearsay, and there is no exception to the hearsay rule for judgments of acquittal." *United States v. Sutton*, 732 F.2d 1483, 1493 (10th Cir. 1984). Thus, Defendant's prior acquittal should clearly be excluded based upon relevance grounds.

Next, as to potential confusion, the Court has carefully considered *how* the acquittal would be admitted, if allowed. Both parties argue for limited and conditional admissibility. Defendant argues for the prior acquittal's admission, but only to the extent that Defendant was found "not guilty," which logically leads the jury to endless speculation as to which elements of the offense were not proven beyond a reasonable doubt. To the contrary, the Government argues that, if the acquittal is admitted, the particular grounds upon which the acquittal was based should be specified, which would require a significant digression into precise explanation of the elements of charged offense in the prior prosecution.[2] The Court finds that both of these options would confuse and mislead the jury,

---

[2] In the Government's interpretation of Judge Brinkema's opinion, the Court found that Benkahla participated in a jihad training camp, but could not conclude beyond a reasonable doubt that said training camp was in Taliban-controlled regions of Afghanistan. Defendants dispute this reading.

and the appropriate resolution is to exclude the previous acquittal altogether.

Finally, this Court has considered the specific grounds upon which Defendant seeks to admit the acquittal, that is, to demonstrate bias by the Government agent to testify against Benkahla.  This Court is in accord with the Eastern District of New York, as it held when faced with a similar scenario: "[i]t takes a quantum leap of logic and a fractured syllogism to say that evidence of an acquittal tends to make government bias more probable than it would be without that evidence." *United States v. Gambino*, 818 F. Supp. 536, 539 (E.D.N.Y. 1993).  The notion that a Government agent spearheading an investigation hopes that his testimony helps obtain a conviction is not so unfamiliar to a jury that a wholly irrelevant prior acquittal should be admitted to permit them to draw an inference of bias.  *See, e.g., United States v. Price*, 94 Fed. Appx. 792 (10th Cir. 2004).

In sum, in exercise of a trial court's wide latitude afforded under *Van Arsdall*, reference to the prior acquittal will not be permitted upon the consideration of irrelevance, potential for confusion, and the tenuous connection to bias.  Accordingly, at trial, any reference to the prior prosecution that resulted in the acquittal of the Defendant instead shall be "prior hearing" or "prior proceeding."

### III.  Conclusion

For the foregoing reasons, the Court will grant Defendant's motion to reconsider, but will affirm its previous decision to grant Government's Motion to Exclude Defendant's prior acquittal.

```
December 19th, 2006              _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE
```